Robert Duty for the plaintiff, Samantha LaCoe, in this case. Your Honors, this case is simple, and it boils down to one very, very, very simple fact, which Judge Corman in the District Court noted, an unsavory act. This case is about an unsavory act, the act of placing a law enforcement officer on a Brady Giglio list, absent any due process, absent any knowledge, absent any forewarning of being put on such a list, and having that list not only be put, being put on that list, but have that list then published and disseminated to other law enforcement agencies, thus destroying the career of a young law enforcement officer, all for some mistakes, mistakes which she never had the opportunity to speak to, mistakes which did not cause any defendant to lose life or liberty, mistakes that any young law enforcement officer would make, mistakes which, as a defense attorney, could be easily handled by a motion to suppress. Instead, this unsavory act occurred. The original actor in this case was the State's attorney. But we're not in State court. So unsavory does not equal unconstitutional. That is exactly what Judge Corman said. We would agree with the unsavory but disagree with the unconstitutional. And the linchpin of that case, or the linchpin of our case, is that there was a contract that did exist at some point in time that the plaintiff did enter into with the system. Does it use the word employment? Is the word employment in the contract? There is one reference to employment, yes. No, I said does it use the word employment? Because an employment contract is one type that may be, that may overcome the at-will default rule under South Dakota law, right? Right, correct. And that's what you're relying on. Right. And you say paragraph three makes this an employment contract. Correct. It doesn't use the word employment? No, but... There are many, there are many documents between a business, someone with whom the owner has an ongoing relationship, might be employment, might be independent contractor, but it changes the relationship. It may affect the term, but what makes it an employment contract other than saying so? Well, there was sort of a term of years, 36 months, was one key element. There's a term of years to the amendment, not to the relationship. That's the issue. And it seems to me, and you can, please chime in on this, if paragraphs three and six, if I've got the numbers right, if they create an ambiguity, the default rule prevails under South Dakota law. That is true. So, they are, they are at least facially intentioned. They can be read to be mutually consistent. But as you are construing paragraph three, it's more than intention with six, it's saying six doesn't count, so to speak. So that's the problem I have with the case. Right. And we would disagree and say that by the terms and conditions that were set in that agreement, that it does look like a contract. It smells like a contract. It was held out as a contract. I should note, however, that because this was dismissed on a Rule 12b-6, there is not much of a record developed as far as the factual surroundings of what we would refer to as a contract. Well, is it, I think it's plausible. Is it fair to read the South Dakota cases that have recognized this employment agreement exception to the default rule as applying only when the agreement expressly says for cause is a termination requirement? It is one of the requirements, or a requirement. Well, what else will satisfy it? It seems to me that that is consistent with federal labor law. Because of collective bargaining agreements, usually what the union wants is a for-cause contractual exception to the employer's at-will employment rights. So why isn't it a fair reading? What South Dakota case would say that isn't a fair reading of this exception? I don't believe that there's necessarily a South Dakota case on point that would say that for the exception. But I didn't read them all. There's a string, sort of a string cite of South Dakota cases that recognize this exception to the default rule and say it's narrow, right? It's got to be crystal clear. And what would clearly be crystal clear, so to speak, is a provision that says termination must be for cause. That's contractual abrogation of the default rule. What else will do it? Well, I think looking at the parole evidence rule and looking at, according to some of the South Dakota statutes, course of performance, course of dealing, course of how this has been carried out, and the way that this contract came about would indicate, and once again the record is not full because this is on a 12b-6 in motion to dismiss, would indicate that this was, in fact, at least construed to be a contract for the purposes of employment. The opposing side, of course, takes the one phrase that says that this is an at-will employment, but the reminding phrases and phraseology within the contract itself seem to govern and dictate that it is a contract. The at-will provision is simply a safety clause that must have been inserted at some point, because the terms and conditions are outlined 36 months of employment, and for that fact and for those reasons we believe that it's a contract. And that is then, therefore, the linchpin of the Brady-Giglio issue. I see my time is just about up. Let me, what was the unconstitutional pattern or practice that makes the Monell claim viable? It's the entry into these sorts of contracts that I think makes it. What's the evidence of a pattern or practice? Well, that's part of the reason why we're here today, Your Honor, is because of the... The entry into one contract establishes a pattern or practice? No, they enter into contracts for all law enforcement. Is there even an allegation that this paragraph 3 and 6 exist in other contracts? I believe it is in the complaint. What? I believe it is in the complaint, Your Honor. Why is that an unlawful pattern or practice? Why is that unconstitutional? Well, the unconstitutional piece is the breaking of the contract where she had a property interest absent the due process. Okay. So the constitutional issues under the 14th Amendment for protection of property interest and reputation were taken by the act of the government, mainly the city of Sisseton and Chief Croymans. If there are no further questions, I'd reserve for rebuttal. Counsel? May it please the Court, Counsel? My name is David Hebe, and I represent the appellees in this matter. This is here before this Court on appeal by the appellant, Samantha Lacoy, of the District of South Dakota Northern Divisions, dismissal of all of the appellant's claims against all the appellees. The appellant has appealed this matter to this Court, raising two very narrow issues. One, whether the contract Lacoy signed with the city of Sisseton created a constitutionally protected property interest in her job with the Sisseton Police Department, and two, whether the city had an official policy, customer practice of unconstitutional conduct related to that contract. As to the first issue before this Court, whether the contract the appellant signed with the city of Sisseton created a constitutionally protected property right. The appellant argues that the contract at issue created a protected property interest, and for the appellant enabling it to a due process procedure, for the appellant to prevail on a due process claim, she must prove that she was deprived of a right of continued employment with the city of Sisseton without due process. State law and the terms of employment determine whether the appellant's interest in employment rises to the level of a constitutionally protected property right. She was employed in Sisseton, South Dakota. South Dakota, by statute, is an at-will employment state. The United States Supreme Court in Hattle v. Garrison has stated and held that an employment at-will, employment at-will creates no constitutionally protected property interest. It is true that the South Dakota Supreme Court has recognized a very narrow contract-based exception to the employment at-will doctrine when an employer specifically agrees to discharge employees for cause only. In Butterfield v. City Bank of South Dakota, the court explained that there must be language that indicates a clear intention on the employer's part to surrender its statutory property. Starting by saying no property interest, is that because you win on the at-will issue? Or even if you win, even if you lose on that, do you think there's no property interest anyway? She needs, the appellant must show. To start way above where counsel was arguing. Yes, that was maybe more general. If she loses, if the contract doesn't create a property interest, our position is she loses, Your Honor. And the contract does not contain any language that indicates a clear intention on the part of the city of Sisseton to surrender its statutory power to terminate the appellant at-will. In Butterfield, the South Dakota Supreme Court stated that termination language using terms comparable to for-cause only manifests this intent. In fact, the language of the contract directly indicates that the city intended to retain its statutory power to terminate the appellant at-will. Page section six of the contract, which is at page 29 of the appellant's appendix, states, quote, nothing contained herein shall be construed as a promise or agreement by either the Sisseton Police Department or the city to retain Samantha Lacoe as a police officer for the Sisseton Police Department for 36 months or any portion thereof. So not only did they, did the city intend to retain its statutory power to terminate the appellant at-will, there is no contract, there is no language that indicates that they You don't think three and six are even ambiguous? No, Your Honor. Well, I do. I respectfully disagree, Your Honor. I think they say what it is is a reimbursement agreement. It's a contract that's one way to read it, but that's your way to read it. And even if the court finds that it is unambiguous, it doesn't, there's no language that Are you reading the whereas provision in the prefiguratory language to the employment agreement to basically set forth the parameters in such a way that any ambiguity that may exist between paragraph three and paragraph six is not, therefore, ambiguous? Do you follow what I'm saying? Because, you know, even though paragraph three says that we expect you to be there for a minimum period of 36 months, it also says that they provided uniform training, equipment, everything, and they expect to be reimbursed if you don't stay. And they read those three provisions together that somehow they're not ambiguous? I think the whereas clause clearly explains to the employee in this place, LaCroix, that what it is is there's a reimbursement agreement for training. It's not an employment agreement that's setting your term for which you will be employed. Although we do say we expect her to stay for a minimum period of 36 months. Yes, Your Honor. And then the next sentence says, and if you don't, you'll have to reimburse. Under South Dakota law, there's not the clear language showing the intent to not retain the statuary at will. But that's in section three, the next sentence you referred to. I'm talking about in the whereases. It says we expect you to stay for 36 months. Yes, Your Honor. But under South Dakota law, there has to be a clear intent comparable to saying for cause only that to get out of the statutory at will provision, Your Honor, to make it a protected property right. All right. And so paragraph six saying what it says about the continued expectation of making it such that there just is no such interpretation of this that could get to the clear statement? Correct, Your Honor. And when we move on to the second issue, whether the city has an official policy, customer practice of unconstitutional conduct related to the contract, this argument fails for three reasons. One, the appellant did not preserve this issue in argument for appeal. It was not made before the district court. The appellant failed to allege sufficient facts in his complaint to support this claim. And three, the contract is a reimbursement agreement, and reimbursement agreements are not an unconstitutional pattern or practice. To the first reason why this argument should not prevail, there must be an official policy, customer practice of constitutional conduct that caused the plaintiff a death probation of their constitutional rights. In other words, to hold the municipality liable when an agent or employee violates a plaintiff's constitutional rights, the violation must stem from an official municipality or custom. The appellant did not argue in a briefing at the district court level that the city had an official custom or practice regarding the contract that amounted to an unconstitutional contract, but a decisionmaker did the terminating, right? Yes, Your Honor. So if you lose the first issue, the Monell claim necessarily survives, at least for now, right? Well, Your Honor, they haven't, they also haven't in their brief, they identify. It doesn't have to be a pattern or practice if the decisionmaker acted unconstitutionally. Yes, Your Honor, if they win the first one, then they could potentially get their honor on official, but here, not only did they not preserve it at the district court, they also did not, there's no allegation in the complaint that she did not sufficiently plead this in her complaint. Factual allegations in your complaint must be enough to raise the rights relief above a speculative level. Nowhere in the complaint does she identify that what the decisionmaker did was unconstitutional. Nowhere in the complaint did it allege that other employees had similar provisions or similar contracts, and as a result, she has not sufficiently pled a claim based on an official policy or practice of unconstitutional contract. Finally, the contract, the reimbursement agreement is not an unconstitutional pattern or practice. The appellant is seemingly asserting that the city having an employee sign a reimbursement agreement is an act enforcing an unconstitutional pattern, custom, or practice. Courts have repeatedly held, as cited in our briefing, that such reimbursement agreements are enforceable, such as the Seventh Circuit in Section 3D777. It is for these reasons, Your Honor, that the appellees respectfully request that this Court affirm the district court's decision. Thank you. Thank you. A rebuttal? Your Honors, it's clear that it's unclear, quite frankly. The contract is unclear. We've mentioned the whereas parts. We've mentioned the 36 months with the word expectation. Expectation would mean that you would want to stay or you'd have to stay. And the defense tries to characterize it as a reimbursement agreement. But if it was simply a reimbursement agreement, it would just talk about what you would have to pay. But this goes into further, that your expectation is for 36 months, whereas you are employed by the police department. And for those reasons, we would request that the Eighth Circuit please overturn Judge Corman's decision. You know, I do have one question about the Munnell claim. And I keep looking at your complaint, and I confess that I haven't had a chance to study it. But I'm not seeing anything at first blush that actually alleges any pattern of a constitutional violation. In fact, I'm not even finding something where it says in the complaint itself that every police officer was required to sign this agreement. And so, you know, what exactly are the allegations that there was a constitutional pattern or practice of unconstitutional behavior? Well, to be perfectly direct, Your Honor, part of that hasn't been able to be developed because of the 12B6 motion. So we haven't been able to. But you haven't even, you know, you've got a bunch of claims here for negligent affliction of emotional distress and intentional infliction and stigma and whatever. But I'm not seeing a claim where it says that the city has a pattern or practice of violating your constitutional rights or the constitutional rights of people. And there's no allegation what the practice is. I mean, so on the pleading, the banal claim, if to the extent there is one, it doesn't seem to be plaid. Doesn't survive Iqbal would be the shorthand way to put it. That is correct. Yeah. I mean, you know, ordinarily you look for something where you say the city has policy acts. And your policy could be, in fact, everybody's required to sign this agreement. But then you usually have to follow it up in saying that they also have a pattern of violating constitutional rights by turning this property interest into they terminate people all the time in the first 36 months in violation of their agreement. Right? I mean, but then at least it's plaid. And it just doesn't I just don't seem to see it. Well, Your Honor, I believe perhaps it was artfully plaid, but we think it's in the complaint and in the record. Okay. Thank you, Your Honors. Has the statute of limitations run on the state law claims? No. Which were dismissed without prejudice. Oh, yes. Thank you very much. Very good, Counsel. The case has been well